Froessel, J. (dissenting).
The majority would now extend the rule laid down in People v. Di Biasi (7 N Y 2d 544) to the voluntary, unsolicited statements made by defendant immediately after he had been arraigned, advised as to the charge against him and as to his right to the aid of counsel (Code Grim. Pro., § 188), which he did not request, and weeks before an indictment had been found against him. Neither the Supreme Court of the United States nor this court has ever gone so far, and I see no warrant for our doing so in this case.
In Spano v. New York (360 U. S. 315), a capital case, petitioner’s confession was held involuntary as the result of coercion, after his repeated requests for an opportunity to consult counsel were denied. The majority found it “ unnecessary to reach ” the contention that a confession following an indictment, in the absence of counsel, was obtained in violation of the Fourteenth Amendment. In Di Biasi (supra) an indictment on a capital charge was handed up in 1952. Six years later, defendant surrendered himself by arrangement with his attorney, and we held, by a closely divided court, that his post-indictment statements made in the absence of counsel were not admissible in evidence. In People v. Waterman (9 N Y 2d 561) we again held by a closely divided court that the defendant’s statements made to a police officer some months after Ms indictment were inadmissible. On the other hand, in People v. Downs (8 N Y 2d 860), another capital case, statements made by a defendant several months after his indictment were received in evidence. There said statements did not differ materially from defendant’s testimony at the trial, and we affirmed his conviction.
In this case, the unsolicited statements challenged were made to a police detective immediately after the arraignment, and *166 were in the nature of an inquiry as to what punishment he might receive if he were to admit his guilt. He had made virtually the same inquiry of the same police officer before the arraignment; that evidence showed that while defendant was being taken downtown for photographs he said to Detective Wynne: “‘Assuming that I am the fellow’, he said, ‘What do you think I could get if I did admit, if I did turn up the girl? ’ ’ ’ A fairly long conversation ensued along the same line, which ended up with the following: “He said, ‘ Can you work out some kind of a deal? ’ I said, ‘ Well, I’ll have to try and contact the District Attorney and see what we can do ’.”
In a case such as this, where there is no question whatever as to the voluntariness of defendant’s statements, made for his own benefit and prompted by his concern for himself, reason and logic dictate that there is no warrant for vitiating a conviction because a police officer testified to those statements. This is particularly so when a post-arraignment statement is virtually the same as a pre-arraignment statement, the admissibility of which no one could question.
There is a significant difference between an examination and arraignment before a Magistrate on the one hand, and the finding of an indictment on the other.
A proceeding before a Magistrate is an examination at which the defendant must first be informed as to his rights, which was done here. The examination is then had to determine whether or not he may be held, at which examination defendant may cross-examine the People’s witnesses (Code Crim. Pro,, § 195), Thereupon “ the magistrate must inform the defendant, that it is his right to make a statement in relation to the charge against him” (Code Crim. Pro., § 196). After the completion of the hearing before the Magistrate, if he find there is no sufficient cause to believe the defendant guilty, he must order his discharge (Code Crim. Pro., § 207). If he find the contrary, the defendant in a felony case is held for the Grand Jury (Code Crim, Pro., § 208).
It is thus clear that an examination is quite different from a Grand Jury indictment. Such an indictment is the “first pleading on the part of the people ” (Code Crim. Pro., § 274), and imports that the People have legally sufficient evidence to warrant a conviction (Code Crim. Pro., § 251). Only then *167 may he be “ held to answer ” for the crime (N. Y. Const., art. I, §6).
To hold that admission of a defendant’s statements under the particular circumstances of this case constitutes reversible error will not serve the administration of justice. Accordingly, the order of the Appellate Division appealed from should be reversed, and the judgment of the Bronx County Court convicting defendant of robbery in the first degree should be reinstated.
Chief Judge Desmond and Judges Fuld and Van Voorhis concur with Judge Dye ; Judge Froessel dissents in an opinion in which Judges Burke and Foster concur.
Order affirmed.